IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM R. REVOAL, II, ) | Civil No.: 3:12-cv-01842-JE |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION AND ORDER |
| v. ) | |
| ) | |
| Governor JOHN KITZHABER, Mayor, ) | |
| SAM ADAMS, Executive Director ) | |
| DOREEN BINDER ) | |
| Defendants. ) | |
| _____ ) | |

    William R. Revoal, II
    650 NW Irving St.
    Portland, OR 97209

        Plaintiff *pro se*

JELDERKS, Magistrate Judge:

        Pro se Plaintiff Revoal brings this action against Governor John Kitzhaber, Mayor Sam Adams and Transition Projects Executive Director Doreen Binder.[1] Plaintiff's Complaint comprises a Complaint form, filled in by hand, an attached typewritten "Statement of Claim" signed by the Plaintiff and several attached documents labeled "Evidence." Plaintiff's statement

---

[1] Plaintiff's caption names Defendant Binder only as "Exec. Dir. Doreen Binder." The context of Plaintiff's Complaint and the court's own inquiries reveal that Defendant Binder is the Executive Director of Transition Projects.

FINDINGS AND RECOMMENDATION AND ORDER – 1

of claim sets out that he brings this action "due to the blatant and deliberate violations of the Portland Oregon Judicial System." Plaintiff has applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

Plaintiff's application to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied. For the reasons set forth below, Plaintiff's complaint should be dismissed, without service of process, on the basis that it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff describes four incidents which he alleges support his claims of "Negligence, Racial Discrimination, Discrimination of the homeless, assault, theft, refusal of justice."

Plaintiff alleges he witnessed a woman being held against her will and denied police assistance and, at the same time, had his life threatened by members of the "Black Mafia." A detailed narrative of this incident is attached to the Complaint and labeled "Evidence."

Plaintiff also alleges he was denied a "protection order in the District Courthouse on Main St." and that as a result he created a "Living Will, Living Trust, and a Death Will as to create my own protection via the United States Federal Government." These last three documents are attached to Plaintiff's Complaint, as is an Oregon Judicial Information Network report from Multnomah Circuit Court indicating that Plaintiff had applied for and was denied a civil stalking order against Nicole Smith who, Plaintiff alleges, is his ex-wife.

Plaintiff further alleges he was discriminated against by the director of Transition Projects and asked to leave "without just cause while I was singing a song peacefully to myself while inside their facility." Plaintiff alleges this was not the first time such "racial behaviors were exhibited inside the facility." He alleges that employees of the facility threatened to call

the police and that, as he was leaving, he observed police "speeding with its lights on" and responding to the call "as if there had been a murder." Plaintiff contrasts this response to his alleged inability to get assistance after someone threatened his life and held another hostage and alleges this constitutes discrimination and negligence on the part of the "Oregon Government."

Lastly, Plaintiff alleges that while he was sleeping outside someone unzipped his sleeping bag and stole documents out of his pants pocket.

Attached and labeled as "Evidence Submitted to Govt. Officials" is a multi-page report by Plaintiff about the Black Mafia's operations, his unwilling connection to that organization, and the government's role in confining and secretly investigating him and violating his constitutional rights due to his relationship with this organization. In his report, Plaintiff alleges:

> I am the **"Perfect Suspect"**, via the cooperation of my own parents and family whom has used my identity to create a log of crimes of passion, rape, murder, drug trafficking, robbery, money laundering etc, all of which appears to have the support and involvement of the Federal Government.

(emphasis in original).

In an attachment labeled "Evidence Submitted to Washington, Internal Affairs, CIA, FBI, Portland Mayor and other Govt. Officials," Plaintiff lists two pages of individuals he believes to be "abusers/informants/agents/govt. officials etc." involved with the Black Mafia. Plaintiff also alleges that the organization receives financial support from various celebrities and family members who are attempting to "sabotage" his life.

## Discussion

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

Dismissal for failure to state a claim is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment.  Karim-Panahi v. Los Angeles Police Dept., 839 F. 2d 621, 623 (9th Cir. 1988).

Regardless of how liberally Plaintiff's complaint is construed, it fails to state a claim upon which relief can be granted.  As an initial matter, Plaintiff lacks standing to bring any claim based on allegations that he witnessed someone being held against her will.  See Colwell v. Dept. of Health and Human Services, 558 F. 3d 1112, 1121-1122 (9th Cir. 2009)(setting out the three elements necessary to satisfy the jurisdictional requirements of Article III "standing," including that the plaintiff must have suffered an "injury in fact").  This claim should be dismissed.

Furthermore, Plaintiff's allegations that he was denied what he describes as a "protection order" do not state a legally cognizable claim.  This court has no jurisdiction to review a state court's final determination in judicial proceedings. See Branson v. Nott, 32 F. 3d 287, 291 (9th Cir. 1995); D.C. Ct. of App. v. Feldman, 460 U.S. 462, 482 (1983).  Accordingly, this claim fails.

Likewise, Plaintiff's claims for theft and assault related to the allegations that documents were taken from him while he slept are insufficient and would nevertheless fall outside this court's jurisdiction.   Plaintiff's allegations are vague and fail to state any factual connection between the alleged incident and any of the named defendants or any cognizable legal basis for the claims asserted.  Accordingly, these claims should be dismissed for failure to state a claim.

Plaintiff alleges that the 14th Amendment provides the basis for jurisdiction in this court and his complaint includes allegations of racial discrimination.  I, therefore, construe his

FINDINGS AND RECOMMENDATION AND ORDER – 4

remaining claims as alleging a cause of action under 42 U.S.C. § 1983.  See Bank of Lake Tahoe v. Bank of America, 318 F. 3d 914, 917-918 (9th Cir. 2003)(a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. §1983).  Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution or federal statutes.  42 U.S.C. § 1983; Wilder v. Virginia Hosp. Ass'n., 496 U.S. 498 (1990).  To state a § 1983 claim, a plaintiff must allege conduct that violated his constitutional rights was taken "under color of state law." Lopez v. Dept. of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (per curiam).  Conduct which is purely private does not give rise to § 1983 liability.  Arnold v. IBM Corp., 637 F.2d 1350, 1356 (9th Cir. 1981).

Plaintiff's claims against Defendant Binder, therefore, necessarily fail.  The court takes judicial notice of the following facts: Defendant Binder is the Executive Director of Transition Projects.  Transition Projects is a private, non-profit organization with no discernible relationship with or support from any governmental agency.  It follows that any alleged conduct attributed to Defendant Binder would be purely private in nature and thus immune from § 1983 liability.  Accordingly, the claims against Defendant Binder should be dismissed for failure to state a claim.

The claims against Defendants Kitzhaber and Adams also fail.  Plaintiff has not alleged any wrongful conduct by Defendant Kitzhaber or shown that he was personally involved in any alleged violation of Plaintiff's civil rights.  Plaintiff alleges that the police failed to provide him assistance when his life was threatened but responded promptly to a call made by staff at Transition Projects and that this conduct constitutes "discrimination and negligence on the behalf of the Oregon Government."  Even if Plaintiff were able to allege some factual or legal connection between Defendant Kitzhaber and the conduct of police, the only possible basis for

Defendant Kitzhaber's liability would be respondeat superior – which is unavailable under § 1983.  Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691 (1978); Taylor v List, 880 F. 2d 1040, 1045 (9th Cir. 1989)(supervisor liable for constitutional violation of employee only if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them).

Furthermore, Defendant Kitzhaber is the governor of Oregon.  Even if Plaintiff alleged any wrongful conduct by Defendant Kitzhaber, the Eleventh Amendment generally bars actions brought against a state or its officials and agencies in federal court, absent a state's unequivocal consent. See, e.g., Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Durning v. Citibank N.A., 950 F.2d 1419, 1422–23 (9th Cir. 1991).  An action brought against a state official that is, in fact, against the State is barred regardless of the relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984).  However, the Eleventh Amendment does not bar actions in federal court seeking prospective injunctive relief against state officials who are alleged to have acted in violation of rights secured under the United States Constitution. Ex Parte Young, 209 U.S. 123 (1908).  This principle applies to federal statutes as well as the federal Constitution.  See e.g. Natural Resources Defense Council v. California Dep't of Transp., 36 F. 3d 420, 422 (9th Cir. 1996).

Here, the relief sought by Plaintiff is "Federal Mandated Authority and Justice." Construing these pleadings liberally and giving Plaintiff every benefit of the doubt, such a demand could implicate the Ex parte Young exception to Eleventh Amendment immunity.

However, even if Defendant Kitzhaber was not entitled to immunity under the Eleventh Amendment, 42 U.S.C § 1983 itself precludes causes of action against state officials in their official capacities.  Section 1983 creates a cause of action against "persons" only, see 42 U.S.C.

FINDINGS AND RECOMMENDATION AND ORDER – 6

§1983, and states are not persons within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989).  State officials, in their official capacities, are treated by the courts as states for the purposes of § 1983. Id. at 70-71.  Therefore Defendant Kitzhaber is immune from suit in his official capacity. Accordingly, the claims against Defendant Kitzhaber should be dismissed for failure to state a claim.

Dismissal of the claims against Defendant Adams, the mayor of Portland, is also required.  While local government officials sued in their official capacities are "persons" under § 1983 in cases where the local government would be subject to suit in its own name, liability still only arises upon a showing of personal participation by the defendant. See Monell, 436 U.S. at 691, n. 55; Taylor, 880 F. 2d at 1045.  Plaintiff has alleged no wrongful conduct or personal participation in civil rights violations by Defendant Adams.  As with Defendant Kitzhaber, the only possible basis for Defendant Adams' liability is respondeat superior.  However, a municipality and, by extension, its officials sued in their official capacity, cannot be held liable under § 1983 on a respondeat superior theory.  Monell, 436 U.S. at 691.  Plaintiff's claims against Defendant Adams, therefore, fail.

Plaintiff has not alleged any facts that might subject any of the named defendants to liability under any cognizable legal theory.  Therefore, Plaintiff's complaint should be dismissed and, because it is apparent that that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.  Under these circumstances, appointment of counsel would be futile.  Even if this were not the case, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1).

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (# 2) is GRANTED. Plaintiff's motion for appointment of pro bono counsel (#3) is DENIED. This action should be DISMISSED without service of process for failure to state a claim upon which relief may be granted. A judgment should be entered dismissing the action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 13, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 25th day of October, 2012.

    /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge